## MARY J. RAINSFORD *vs.* GEORGE C. RAINSFORD.

When one partner becomes liable to his copartner, in an action at law, for the portion of partnership funds in his hands belonging to such copartner, the form of such action is properly for money had and received by the defendant to the use of the plaintiff.

The cases in this State are quite uniform in holding that there must be not only a settlement, but an express promise to pay, before an action at law by one partner, to recover his share of the partnership moneys, against another partner, can be maintained.

Where a verdict is according to the very right of the case, upon the facts found, the judgment will not be disturbed on any question of form, when there is no exception involving any error in matter of law.

Where an action was tried wholly upon the issue whether the plaintiff, or her husband, was the defendant's partner in business, and the judge charged the jury that the plaintiff was entitled to recover her share of the assets, as ascertained by a settlement and balance struck, if she was the partner of the defendant; *Held* that the defendant having taken no exception to the charge, he must be deemed to have acquiesced in that view of the case, and could not object or except on appeal.

THE plaintiff obtained a verdict in this action, at the Ontario circuit, for $553.22. The defendant moved, at the same circuit, for a new trial, on the judge's minutes.

which motion was denied. Afterwards, on the 19th day of February, 1869, judgment was entered upon the verdict, in favor of the plaintiff. The defendant appealed, to the general term, from the order denying a new trial upon the judge's minutes, and from the judgment.

This action was commenced by the service of a " summons for money." The complaint was for " money had and received by the defendant to the use of the plaintiff." The amount claimed was $507. The answer was a general denial. On these pleadings the cause was tried.

The plaintiff's counsel, in opening the case to the court and jury, stated, in substance, that the facts on which the plaintiff relied to establish a cause of action were as follows: 1. That the plaintiff is a married woman. 2. That she possessed an estate of her own, separate from her husband. 3. That the plaintiff as such married woman, and having such separate estate, entered into copartnership with the defendant, in the purchase of hogs, to be shipped to eastern markets and sold. 4. That hogs were purchased by the firm, and shipped to Albany and sold. 5. That the defendant received the proceeds of the sale. 6. That an accounting was had, and including the capital put in by the plaintiff, and her share of the profits, her share amounted to $507. 7. That the defendant refused to pay it, and this action is brought to recover that sum. The defendant moved for a nonsuit, on the opening, on the ground that no such cause of action was stated in the complaint. The court denied the motion, and the defendant excepted. The plaintiff then gave evidence tending to establish the facts above stated, or some of them, showing a variety of partnership transactions, not limited to the hog speculation. That on a settlement of the hog copartnership, according to the plaintiff's version of it, there had been made $84 profit, and the plaintiff's share of the copartnership assets was $507. That sum was demanded, and the defendant refused to pay. This evidence

was all taken under the objection of the defendant's counsel. At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit. The motion was denied, and the defendant excepted. The defendant then gave some evidence controverting the claim that the plaintiff had a separate estate; denying the copartnership with her; denying that any accounting was had, or any balance due her. The defendant testified that the transaction in question was between him and the husband of the plaintiff. He denied that $507 was ever found to be due either to the plaintiff or her husband. At the conclusion of the evidence the defendant renewed his motion for nonsuit, which was denied, and the defendant excepted.

It appeared by the evidence, that the plaintiff's husband made an assignment for the benefit of his creditors, March 24, 1866. That soon after the assignment the plaintiff commenced to do the same business in which her husband was engaged before the assignment. The defendant offered to show that this assignment was made to cheat and defraud creditors. The court excluded the evidence, and the defendant excepted. The defendant offered to show that the farm in question, which the plaintiff claimed as her separate property, was in fact the property of her husband; that all the property the plaintiff claims as her separate estate was the property of David A. Rainsford, and that the money David A. Rainsford put into this hog copartnership was his own, and not his wife's; that the only pretense his wife had to claim it was under fraudulent conveyances from her husband. The court excluded the evidence, and the defendant excepted.

*J. Van Voorhis*, for the appellant.

I. This action cannot be sustained, upon the complaint. The plaintiff could, with much more reason, put in evidence the defendant's promissory note, to sustain a complaint for money had and received. Copartners are equal owners of

the copartnership property. One partner cannot be said to have received partnership funds " to or for the use of his co-partner." Suppose there had been six copartners instead of two. Then, if this action can be sustained, an action for money had and received could be sustained by each of the firm, to recover his proportion of the partnership estate. The Code (§ 142) requires the complaint to state the facts which constitute the cause of action. Here not one of the facts constituting the cause of action is found in the complaint. "Facts constituting a cause of action," mean all those facts which are traversable, and which are to be established by evidence. (*Wooden* v. *Strew,* 10 *How. Pr.* 48. *Lawrence* v. *Wright,* 2 *Duer,* 674. *Mann* v. *Morewood,* 5 *Sandf.* 566.) The facts that the plaintiff is a married woman, and has a separate estate, are essential and travers-able facts, without proving which, this action must fail. So, also, are the facts that the copartnership was entered into, the parties agreeing to share equally the profits and losses; that business was done by the copartnership; that the proceeds of the sale of copartnership property came into the hands of the defendant. In this State, no action will lie between copartners for a balance of account, except there be an express promise to pay. (*Casey* v. *Brush,* 2 *Caines,* 293. *Halstead* v. *Schmelzel,* 17 *John.* 80. *Westerlo* v. *Evertson,* 1 *Wend.* 532. *Townsend* v. *Goewey,* 19 *id.* 424. *Pattison* v. *Blanchard,* 6 *Barb.* 537. *Same* v. *Same,* 1 *Seld.* 186. *Murray* v. *Bogert,* 14 *John.* 318. *Clark* v. *Dibble,* 16 *Wend.* 601. *Koehler* v. *Brown,* 31 *How.* 235. *Pars. on Copartnership,* 278, 280, *n. c.*) Here is not only no prom-ise, but an absolute refusal. In case of a refusal no promise can be implied. "The ground of a legal impli-cation is that the parties to the contract would have ex-pressed that which the law implies, had they thought of it, or had they not supposed it was unnecessary to speak of it because the law provides for it." (2 *Pars. on Cont.* 27, *and cases cited on p.* 28, *n. b.*) But when attention is

called to the matter, and the defendant refuses to pay, there can be no such thing as an implied promise. A promise and a refusal of the same thing are impossible. The complaint does not allege any promise, and not even a demand and refusal. This copartnership was not intended to terminate with this one shipment. David A. Rainsford evidently contemplated a continuance beyond that transaction. No limit was set to the copartnership. It terminated only by the commencement of this suit. It is submitted that no authority can be found for maintaining this action for money had and received between copartners for a balance claimed to be due one of them on settlement. (3 *Comst.* 173. 50 *Barb.* 385.)

II. The court erred in refusing to allow the defendant to show that the plaintiff had no separate estate, and in excluding the evidence offered. If the facts were so, she could not maintain the action. The plaintiff had given evidence to show that she had separate property. The defendant had a right to countervail that evidence. The defendant called the husband of the plaintiff, and was proceeding to show that all the property claimed by the plaintiff as a separate property, was in fact her husband's, and that she had no separate estate. That the assignment and deeds under which she obtained the money she put into this transaction, and which she claimed as her separate estate, were void for fraud, and were made to cheat and defraud her husband's creditors. This the court excluded. And yet the learned judge charged the jury that if they found that the business was done in the plaintiff's name as a cover; if the property belonged in fact to the husband, and not to the wife, and she had no separate estate, the defendant must recover, and charged the jury that they might so find from the evidence. And yet, by a seeming inconsistency, he excluded all the evidence of the defendant on that subject, except what was elicited from the plaintiff and her husband, on cross-examination. If the

Rainsford *v.* Rainsford.

plaintiff's husband had made a fraudulent assignment, and by means of it put his property into his wife's hands, it was competent to prove it. That is not such a separate estate as would entitle her to maintain this action. If, just before he made this assignment, he had made a fraudulent conveyance to his wife of the farm on which the wheat was raised that produced the first $1000 of her capital, it was competent to show it. Assuming it to be established, nothing is clearer than that this $1000 was the husband's money, and not the wife's. Being his money, the defendant had a right to set off against it an equal amount of David's indebtedness to him. This he did. The indebtedness of David A. Rainsford to the defendant is $1000 or $1200. (*Abbey* v. *Deyo*, 44 *Barb.* 374. *Knapp* v. *Smith*, 27 *N. Y. Rep.* 277. *Gage* v. *Dauchy*, 34 *id.* 293. 1 *Keyes*, 29. 3 *id.* 329.)

III. Whenever the title to property is in question, and that title is derived through conveyances made to cheat and defraud creditors, the fraud may be shown. (*Nichols* v. *McEwen*, 17 *N. Y. Rep.* 22. *Edgell* v. *Hart*, 5 *Seld.* 213. *Pine* v. *Rikert*, 21 *Barb.* 469. 19 *id.* 450. 18 *id.* 272. 6 *Hill*, 438. 4 *Denio*, 171, 217.)

*H. O. Chesebro*, for the respondent.

I. There was but one issue in this case, which was submitted to the jury as a question of fact, to wit: Was the plaintiff the real party interested in the transaction in respect to the hogs bought and shipped, or was her husband the party? Upon this issue the evidence was conflicting. It was the only question litigated, and was fairly submitted to the jury, and the plaintiff had a verdict. There was no dispute, on the trial, as to the amount, it being conceded that if the plaintiff was entitled to recover, she should recover the amount for which the verdict was rendered. The charge of the judge submitted this question to the jury with great fairness, certainly with no lean-

ing to the plaintiff. This court will not disturb such a verdict unless some error was committed on the trial in the admission or rejection of evidence.

II. No error was committed on the trial in the admission or rejection of evidence. 1. The objection that no such cause of action was set up in the complaint as the counsel, in his opening, had stated the plaintiff expected to prove, was not well taken. The opening stated only a single transaction of the parties, plaintiff and defendant, the profit of which was received by the defendant. The whole matter of money advanced and profit was footed up, and a balance struck, which showed the defendant had in his hands $507 belonging to the plaintiff. An action for money had and received was therefore a proper form of action. (*Harpending* v. *Shoemaker*, 37 *Barb.* 270, 296.) But such an objection is of no avail now. (1 *Chit. Pl.* 309.) The cause was tried on the merits, and all the facts shown. Whatever may have been the form of the action, the verdict would not be disturbed. If necessary, the court would regard the pleadings amended so as to conform to the facts proved. (21 *N. Y. Rep.* 305.) 2. The motion for a nonsuit was properly denied. The testimony of the defendant showed that he had $507 in his hands which belonged either to the plaintiff or her husband, and the verdict determined that it belonged to the plaintiff. The defendant was therefore liable for money had and received. 3. The evidence of the assignment of D. A. Rainsford, dated March 24, 1866, recorded in Ontario county March 26, 1866, and certain deeds executed by him, offered for the purpose of showing that they were made to cheat and defraud his creditors, and also to prove that the money which the plaintiff put into this venture was obtained by her through these fraudulent conveyances, was inadmissible, and the several exceptions to the ruling rejecting the evidence as incompetent and immaterial, were not well taken. It was immaterial what the intention of D. A.

Rainsford was in regard to his creditors, or whether he had made an assignment to defraud them, or where the plaintiff obtained the money she put into this venture with the defendant. A man cannot obtain the possession of another's money, and when called to account for it, set up that it was stolen, or that it was procured through a fraud on third parties. The defendant was not in a position to raise the question, and if all the defendant claimed was true, it could not affect the issue in this action. 4. A reference to the charge will show that this case was carefully and fairly submitted to the jury. Great latitude was allowed, on the trial, to the defendant to impeach the fairness and honesty of the transaction on the part of the plaintiff, and the plaintiff had a verdict because the weight of evidence was decidedly in her favor.

*By the Court,* JOHNSON, P. J. The only question of fact tried, and submitted to the jury was, whether the plaintiff or her husband was the partner of the defendant, in the transaction out of which the money sought to be recovered, arose. There was no dispute as to the amount to which the defendant's partner, whichever one it was, ought to have from the defendant. The money was all in the defendant's hands, the account had been settled and adjusted, and the respective proportions of each partner ascertained and agreed upon. The jury found, upon the evidence before them, that the plaintiff was the partner in the transaction with the defendant, and in this they were fully warranted by the evidence. It is claimed on the part of the defendant, that even if the parties were partners, this action cannot be maintained on the complaint, which is for money had and received by the defendant to the plaintiff's use, only. The objection to the form of the action is not well taken. When one partner becomes liable to his copartner, in an action at law, for the portion of part-

nership funds in his hands, belonging to such copartner, the form of such action is properly for money had and received by the defendant to the use of the copartner. (*Coffee* v. *Brian*, 3 *Bing.* 54. *Brierly* v. *Cripps*, 7 *Car. & Payne*, 709.) In both these cases, it was held that this action could be maintained between partners, when the partnership had been closed, and the balance struck, as was the fact here.

The cases in this State are quite uniform in holding that there must be not only a settlement, but an express promise to pay, before an action at law, by one partner, to recover his share of the partnership moneys, against another partner, can be maintained.

But this question of the necessity of an express promise does not seem to have been raised by the defendant, in any part of the case. In the motion for the nonsuit, the ground was merely general, that the proof failed to establish the cause of action set forth in the complaint. In what particular there was such failure of proof, was not pointed out or suggested. There was no exception to the charge of the judge, and no request to charge differently, in any respect, from what he did charge. The charge was that the plaintiff was entitled to recover her share, as ascertained by the settlement, and balance struck, if she was the partner of the defendant in the transactions by which the money was produced. The case seems to have been tried wholly upon the issue whether the plaintiff, or her husband, was the defendant's partner in the business. As the defendant's counsel took no exception to the charge, he must be deemed to have acquiesced in that view of the case, and cannot object or except now. Had he raised the precise question then, or at any other stage of the trial, the charge might have been different, or other evidence on the subject of an express promise might have been given. At all events, the question would then have been

Rainsford *v.* Rainsford.

distinctly presented, which the defendant's counsel seeks to raise now upon the argument, whether an express promise is necessary in order to maintain an action for money had and received, between partners, in a case like this, where the partnership has been terminated, and the account has been settled, and the balance belonging to each partner struck. But that question was not presented upon the trial, or considered. As the verdict of the jury was according to the very right of the case, upon the facts found, the judgment will not be disturbed on any question of form, when there is no exception involving any error in matter of law.

The evidence offered by the defendant in relation to the fraudulent assignment by the plaintiff's husband, was properly excluded. It was wholly irrelevant. The defendant was in no situation to litigate that question in this action. It was of no sort of consequence how the plaintiff obtained her share of the funds, which went into, and constituted part of, the bulk of the partnership funds, if she did not obtain it from the plaintiff.

The verdict and judgment are right, and the judgment should be affirmed.

[MONROE GENERAL TERM, March 7, 1870. *Johnson*, P. J., and *Dwight* and *E. Darwin Smith*, Justices.]